# In the
# United States District Court
# for the
# District of Maryland,
# Northern Division

**PARTIES::**

James Moore,                                    Petitioner,

versus

United States of America,                       Respondent.

**PROCEEDING::**

*Motion to Nullify Judgment of Conviction in Lieu thereof Quash; and to Dismiss Count Six with Prejudice for Want of Due Process of Law; United States Constitutional Amendment [V].*

**PROCEEDING NUMBER::RDB-06-0179**

*/s/ James Moore*
James Moore
United States Penitentiary, Big Sandy
Inez, Kentucky     41224-2068

**PROCEDURAL POSTURE:**

Petitioner, James Moore brings the instant claim to nullify the judgment of conviction in lieu thereof quash and to dismiss count six with prejudice on the precise ground that the allegation is in want of due process. He contends the judgment of conviction under 18 United States Code Section 924(j) must be quashed where the same lacks the predicate essential element § 924(c) conviction. See e.g. United States versus Robinson, 275 Federal 3d. at 378, ("because a violation of § 924 is itself a conduct element of § 924(j).") Likewise, because Petitioner is only sentenced for a violation of 924(j) by virtue of a guilty plea, *** but the conduct element under § 924(c) is wholly void. Petitioner's stands on Congressional footing under 18 United States Code § 924(j) and contends this provision is not a discrete crime and does not apply unless the government presents evidence demonstrating a violation of § 924(c). Moreover, Congressional intent is objectively clear: Petitioner first must violate § 924(c) of Title 18 and as a result of causing the death through the use of a firearm receive an enhance penalty under § 924(j).

* * *

**PROCEDURAL CONTENTION:**

Petitioner, James Moore stands deprived of His liberty on an agreement entered by Him and the United States for the enhanced penalty under Title 18 United States Code § 924(j). The problem with the punishment is there is no predicate criminal conduct element to trigger the aggravated sentencing provision § 942(j). In fact, Petitioner has not been charged nor convicted of any crime whatsoever. Rather this court simply ordered Him imprisoned basically because the United States charged Him with an enhanced penalty.

Petitioner contends the judgment of conviction is in want of due process of law. He contends unless there is a violation of § 924(c) et seq., He cannot be penalized under 924 (j). He is otherwise factually innocent of violating federal criminal law where no crime was committed by Him whatsoever. Rather the court used the provisions of 924(j) to imprison Him without due process of law. He contends that the guilty plea is merely an agreement to an enhanced penalty for conduct to which He is neither charged nor convicted, but the process due before he can be deprived of His liberty under § 924(j) is a violation of 924(c) et seq.*** Because he has not committed a predicate offense under § 924(c), He argues He cannot be sentenced to the enhanced penalty under 924(j).

## LEGAL OVERVIEW:

The issue presented in this claim is whether the judgment of conviction is in want of due process.

Congress expressly provided that a person who, in the course of a violation of § (c) causes the death through use of a firearm shall--

(1) if the killing is a murder (as defined in section 1111 [18 USCS § 1111], be punished by death or by imprisonment for any number of years or for life and

(2) if the killing is a manslaughter (as defined in section 1112 [18 USCS § 1112], be punished as provided in that section.

{18 United States Code Section 924(j)}

When read in context of the criminal scheme set forth in § 924(c), Section 924(j) is

fairly interpreted as an additional aggravating punishment for the scheme already set out under § 924(c). Petitioner reaches this conclusion because of § 924(j)'s explicit reference to 924(c) and because each subsection of the statute is designed for the same purpose--to impose steeper penalties on those criminals convicted for a crime of violence using a firearm. *United States versus Allen*, **406 Federal 3rd 940**. It is Petitioner's position that He cannot be deprived of His liberty under § 924(j) where as here, He has not committed an offense in violation of 924(c) et seq. as to trigger the provisions of the steeper penalty under 18 United States Code § 924(j).

*** 

**CONCLUSION:**

As can be concluded pursuant to the facts and law of this case, Petitioner does not stand convicted of a § 924(c) offense as to trigger the provisions of § 924(j). Nor has it been proven beyond a reasonable doubt that He committed either a crime of violence or a controlled substance offense under any provision consistent with congressional intent. ***But on behalf of the unfortunate, He is deprived of His liberty in want of due process of law which compels the government to present evidence of a 924(c) violation. Nevertheless, because the facts are wholly void of any such a violation under the 924(c), the enhanced penalty under 924(j) is void. Likewise, under the black letter of the law Petitioner, James Moore must be relieved from the judgment of conviction for want of due process and count six of plaintiff indictment must be dismissed.

May it please the court to GRANT His immediate discharge from the judgment of conviction under our constitution and laws of the United States.

*James Moore*
James Moore, Layman

Date:: June 2, 2009.

*Melissa Jackett*
Notary Public
comm. exp 3/17/2012

## CERTIFICATE OF SERVICE

This certifies that a true copy of the foregoing was mailed as service to:

The United States Attoney's Office
Rod J. Rosenstein
36 S. Charles Street, 4th Floor
Baltimore, Maryland  21201

/s/James Moore
James Moore

June 2, 2009.

///

///

///

///

///

///